UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

TOM STARRETT,

          Plaintiff,

vs.

KARIE COE; *et.al.*,

          Defendants.

Case No. 2:16–cv–2065–JAD–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. #1) AND COMPLAINT (DOC. #1-1)

    Before the court are Starrett's application to proceed *in forma pauperis* (ECF No. 1) and complaint (Doc. #1-1). For the reasons stated below, Starrett's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Starrett's complaint be dismissed.

**I. Discussion**

    Starrett's filings present two questions: (1) whether Starrett may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Starrett's complaint states a plausible claim for relief. Each is discussed below.

1. Starrett May Proceed *In Forma Pauperis*

    Starrett's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Starrett submitted his inmate balance history report. (Doc. #5). According to the report, Starrett owes approximately $18.00 to the Clark County Detention Center. Starrett's application to proceed *in forma pauperis* is, therefore, granted.

/// /// ///

## II. Legal Standard

Because the court grants Starrett's application to proceed *in forma pauperis*, it must review Starrett's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Starrett's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

2

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III. Background

On September 7, 2015, Starrett was injured in a car accident in Pennsylvania. (ECF No. 1-1 at 10) The alleged driver was Defendant Tyler Moszcienski. (*Id.*) The alleged owners of the car were David and Heather Smith. (*Id.*) Defendant Karie Coe is the Allstate claims adjustor assigned to Starrett's claim. (*Id.*)

It appears that the parties began settlement negotiations. Coe, on behalf of Allstate, conveyed a final offer of $11,000. (*Id*. at 9) Starrett believes that this amount is too low, and has filed this action against Defendants Coe, Moszcienski, David Smith, Heather Smith, and Allstate Insurance. (*Id.*) He seeks $77,100 in compensatory damages and $150,000 in punitive damages. (*Id.*)

### IV. Discussion

1. <u>Starrett's Claims Against Karie Coe and Allstate Insurance</u>

Starrett alleges that he and Coe and been discussing a settlement amount of $30,000–$40,000. (*Id.*) Upon discovering that Starrett would be incarcerated in Nevada for the foreseeable future, Starrett alleges that Coe made a final offer of $11,000 and refused to continue negotiations. (*Id.*) In essence

Starrett asserts a claim that Coe and Allstate refused to settle his claim in bad faith. Ordinarily, this court would now be required to perform a conflict of laws analysis. *Narayan v. EGL, Inc.*, 616 F.3d 895, 898 (9th Cir. 2010) ("[A] federal court sitting in diversity applies the choice-of-law rules of the forum.") Here, such an analysis is unnecessary.

Starrett's claim is not cognizable under Nevada and Pennsylvania law. Nevada does not recognize a duty to negotiate in good faith between insurers and third parties. *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989). In Nevada, a bad faith failure to settle cause of action may only be brought by the insured against his insurer. *Id.* ("Where no contract relationship exists, no recovery for bad faith is allowed.")

In Pennsylvania, a bad faith cause of action against an insurer is statutorily based. *Murphy v. State Farm Mutual Automobile Ins. Co.*, No. 16-2922, 2016 WL 4917597 at* 3-4 (E.D. Pa. Sept. 15, 2016)(citing 42 Pa. Cons. Stat. § 8371). The statute only provides the insured with a cause of action against his insurer. *Id.*

As Starrett's claims against Coe and Allstate are not cognizable under Nevada and Pennsylvania law, these claims should be dismissed.

2.  <u>Starrett's Claims Against Moszcienski and the Smiths</u>

"A pleading that state a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must contains sufficient factual allegations so that the claim for relief crosses "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

Starrett alleges he was injured in an accident and that Allstate had already admitted Moscienski was at fault. (ECF No. 1-1) The complaint lacks factual context for this "accident" such as the what, when, where, and how of the incident. Additionally, Starrett does not allege the Smiths committed any

wrongdoing. His sole basis for believing that the Smiths are liable is that they are Allstate's insured and that the allegedly owned the car that struck him. Additional facts describing the Smiths' relationship to Moscienski and the circumstances under which he was able to drive their car would help this court determine if Starrett is able to state a claim for relief against the Smiths.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Starrett's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Starrett's complaint (ECF No. 1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections

within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 16th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE